IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Ernest Richardson, Jr., )
)
      Petitioner, )   Civil Action No. 3:09-160-SB
)
v. )
)
State of South Carolina, )   **ORDER**
)
      Respondent. )
_____)



    This matter is before the Court on Petitioner Ernest Richardson, Jr.'s ("Richardson") or "the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b) and the local rules for this district. In the R&R, Magistrate Judge Joseph R. McCrorey finds that the instant § 2254 petition is untimely and recommends that the Court grant the Respondents' motion for summary judgment. Attached to the R&R was a notice advising the parties of the right to file written objections to the R&R within fourteen days of being served with a copy of the report. See 28 U.S.C. § 636(b)(1). The parties filed timely objections to the R&R, and the matter is ripe for review.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may "accept, reject, or modify, in whole or in part, the

findings or recommendations" contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id.; see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary in [ ] situations when a party makes conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

As previously mentioned, the Magistrate Judge found the instant petition untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge also determined that the Petitioner was not entitled to the benefit of equitable tolling. Next, the Magistrate Judge addressed the substance of the Petitioner's claims and determined that they all were either procedurally barred or without merit.

The Petitioner filed 64 pages of objections to the R&R and an affidavit in support of his objections. In his objections, the Petitioner reiterates his claims and continues to argue that his constitutional rights have been violated, that his counsel operated under an actual conflict of interest, that he is actually and factually innocent, and that he is entitled to a hearing. And although the Petitioner agrees with the Magistrate Judge that his petition was not timely filed, he asserts that he is entitled to equitable tolling and/or a new one-year limitations for various reasons. Specifically, the Petitioner asserts that he did not receive certain evidence regarding his attorney's alleged conflict of interest until August of 2008; that the authorities have withheld evidence from him; that he has been transferred between state and federal custody; and that he is unfamiliar with computers.

The Respondent also filed objections to the R&R, noting that the Fourth Circuit's opinion in Bostick v. Stevenson, 589 F.3d 160 (4th Cir. 2009), may affect some of the

2

Magistrate Judge's findings that the Petitioner's claims are procedurally defaulted. In Bostick, the Fourth Circuit noted that South Carolina courts had not consistently applied the procedural rule that required a PCR applicant to file a Rule 59(e) motion to preserve issues not addressed by the PCR court, and therefore, the failure to comply with the rule would not amount to a procedural default. Thus, the Respondent objects to the R&R to the extent the Magistrate Judge found that the Petitioner's grounds were procedurally barred due to the Petitioner's failure to file a Rule 59(e) motion seeking a ruling on any unaddressed claims. Nevertheless, the Respondent also notes that it agrees with the Magistrate Judge's findings with respect to the statute of limitations and equitable tolling, and the Respondent requests that the Court dismiss the instant petition as untimely.

**I.** **The instant petition is untimely.**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:



    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their . . . § 2255 motion[s]." Brown v. Angelone, 150 F.3d 370, 375 (4th Cir.1998). Additionally, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed' for the statutory tolling provisions of section 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." Pace v. DiGulielmo, 544 U.S. 408 (2005).



Here, as set forth by the Magistrate Judge, the Petitioner filed a direct appeal of his conviction, and his conviction became final on April 27, 1998, when the United States Supreme Court denied his petition for a writ of certiorari. When the Petitioner filed his post conviction petition on November 10, 1998, almost 200 days of un-tolled time had already passed. The statute of limitations was tolled, however, from November 10, 1998, until April 10, 2008, when the remittitur was returned following the denial of his petition for a writ of certiorari. The Petitioner asserts that he delivered the instant section 2254 petition for

4

mailing on January 20, 2009. Nevertheless, by this time, another 285 days of un-tolled time had passed. Adding the time between when the Petitioner's conviction became final and the filing of his post conviction petition to the time between the conclusion of his post conviction petition and the filing of the instant petition amounts to approximately 480 days of un-tolled time. Accordingly, it appears that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

Moreover, contrary to his arguments, the Court does not find that the Petitioner is entitled to a new, one-year triggering date of August of 2008, when he received certain documents that he claims had been withheld from him (either by former attorneys or state or federal authorities). See 28 U.S.C. § 2244(d)(1)(B) and (D).[1] In his objections, the Petitioner states: "Evidence was withheld from the Petitioner through others knew or by all due diligence should have known, Petitioner was represented by ineffectiveness of trial counsel acting under a conflict of interest in adverse interest to the Petitioner, but concealed or withheld this information from the Petitioner until August, 2008." (Entry 47 at 22) While the Petitioner may not have received certain documents until August of 2008, a review of the 10-year record of his post-conviction proceedings indicates that he began raising the issue of his trial counsel's alleged conflict of interest long before he received any documents in August of 2008.[2] Thus, it is an untenable argument for the Petitioner to

---



[1] The Petitioner does not rely on any newly recognized constitutional right. Thus, section 2244(d)((1)(C) does not trigger a new one-year period.

[2] During his post-conviction proceedings, the Petitioner went through at least 8 or 9 court-appointed attorneys, most of whom he asked the court to relieve based on a various conflicts of interest. In a letter to one of his post-conviction attorneys, dated June 9, 2006, the Petitioner wrote: "I really don't know what to say as the Court has once again appointed an attorney that can't represent me because of a Conflict of Interest. This did

5

claim that he did not discover this claim until he received certain documents in August of 2008. It is likewise unrealistic for the Petitioner to assert that some state action created an impediment to his timely filing the instant petition, as it is clear that the Petitioner could have (and did during post-conviction proceedings) raise his instant claims prior to receiving the documents at issue. Moreover, as set forth more fully below, the Court does not believe that these documents provided the Plaintiff with a new factual predicate for his claims. Ultimately, the Court does not find that these circumstances warrant the triggering of a new period of limitations.

Based on the foregoing, the Court finds that the Petitioner's § 2254 petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A-D). The next issue, therefore, is whether the Petitioner is entitled to equitable tolling.

## II.   **The Petitioner is not entitled to equitable tolling.**

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S.

---

not matter much at trial either as the Public Defender, N. Gruber Sires, Jr. was as well a Conflict of Interest . . . ." Similarly, in a letter dated September 17, 2006, the Petitioner wrote: "A conflict of interest allowed this all to begin and has allowed it all to go from one incident to another." It is clear, therefore, that the Petitioner knew about his instant conflict of interest claim long before he received certain documents in August of 2008.



6

832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

The Magistrate Judge addressed the Petitioner's equitable tolling arguments and determined that the Petitioner failed to show that he was entitled to equitable tolling. The Magistrate Judge noted that many of the circumstances relied on by the Petitioner occurred during periods when the statute of limitations was tolled and that many of the documents that the Petitioner contends he had difficulty obtaining are irrelevant to his claims.

In his objections, the Petitioner asserts that he is entitled to equitable tolling based on various factors such as the discovery of new evidence, the authorities' withholding of certain evidence, his transfer from state to federal custody, and his inability to use computers. First, the Court does not believe that the documents received by the Petitioner in August of 2008 warrant the extraordinary remedy of equitable tolling. In other words, although the Court recognizes that the Petitioner worked diligently to obtain copies of the documents at issue,[3] a review of these documents and the record below indicates that they did not alert the Petitioner to new claims or provide a new factual basis for relief (contrary to his assertions). Rather, it is clear from the record that the Petitioner was aware of his current claims (and attempted to raise them) during his lengthy post-conviction

---

[3] The Petitioner worked diligently to pursue copies of these documents; however, it does not appear that he worked diligently to timely file his section 2254 petition. See United States v. Oriakhi, 2010 WL 3522005, *1 (4th Cir. Sep. 10, 2010) (unpublished) ("Although the record shows that Oriakhi doggedly pursued a transcript, he has failed to show that he diligently pursued his § 2255 motion.").

7



proceedings, despite not having in his possession certain documents. Moreover, the Court does not agree with the Petitioner that documents he received in August of 2008 prove his "actual and factual innocence."[4] Furthermore, the Court finds that the Petitioner's filings in this action, which are quite long and comprehensive, belie his assertion that he was unable to timely file his petition based on his lack of familiarity with computers. The Court also believes that the Petitioner's lack of familiarity with computers, along with his transfer between state and federal custody, simply do not amount to the "extraordinary circumstances" required for the Court to apply the sparingly-granted remedy of equitable tolling. Finally, it appears that—in actuality—the Petitioner neglected to timely file his petition based on his incorrect assumption that he had one-year to file his petition after the conclusion of his post-conviction proceeding. (See Entry 29-1 at 38 ("The State Supreme Court made its ruling Affirming the lower Court and submitted the Opinion March 19th, 2008. If I am correct this is when my (1) year time limit begins to run.") Unfortunately, the Petitioner's incorrect assumption about the running of the limitations period does not provide a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."). In sum, then, the Court finds that the Petitioner is not entitled to equitable tolling, and the Court overrules the Petitioner's objections and adopts the R&R to this end. Because the Court finds that the instant petition is untimely and equitable tolling does not apply, the Court declines to address the Petitioner's claims individually.

---

[4] In fact, the Court agrees with the Magistrate Judge that many of these documents are actually irrelevant to the Petitioner's claims.



## CONCLUSION

Based on the foregoing, the Court hereby adopts and incorporates pages one through 12 of the R&R (Entry 42) and dismisses the instant petition as untimely. Thus, the Court grants the Respondent's motion for summary judgment (Entry 22) with respect to the statute of limitations and equitable tolling, and the Court denies the Petitioner's motion for equitable tolling (Entry 36).[5]

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 23, 2010
Charleston, South Carolina

---

[5] Because the Court does not find that the Petitioner has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).



9