IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2014 APR 24  P 12: 23

Ernest Richardson, Jr., #90956-071,    )
                                        )
                    Petitioner,         )
                                        )     Civil Action No. 3:09-160-SB
v.                                      )
                                        )     **ORDER**
State of South Carolina,                )
                                        )
                    Respondent.         )
_____ )

This matter is before the Court upon the Ernest Richardson, Jr.'s ("Richardson" or "the Petitioner") pro se motion to reopen his case and vacate this Court's earlier order denying relief under 28 U.S.C. § 2254. The Respondent filed a response opposing the motion. After review, the Court finds that Richardson is not entitled to relief.

Richardson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 21, 2009. On February 17, 2010, United States Magistrate Judge Joseph R. McCrorey filed a report and recommendation ("R&R") outlining the issues and recommending that the Court grant the Respondent's motion for summary judgment. After considering the parties' objections and the record as a whole, this Court entered an order on September 24, 2010, adopting the R&R and finding that Richardson's section 2254 petition was untimely and that Richardson was not entitled to equitable tolling. Following the Court's order, Richardson filed a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which this Court denied on October 27, 2010. Richardson appealed this Court's order to the Court of Appeals for the Fourth Circuit, but on May 2, 2011, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. The mandate was issued on May 24, 2011. The Fourth Circuit also dismissed a

subsequent petition for rehearing as untimely.

On October 2, 2013, the Petitioner filed the instant motion pursuant to Rule 60(b), contending that extraordinary circumstances warrant relief in light of the Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309 (2012); McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); and Trevino v. Taylor, 133 S. Ct. 1911 (2013).

Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, 674 F.3d 369, 376 (4th Cir.2012). Rule 60(b) provides a means for the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six separately listed reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," a void judgment, a satisfied, released, or discharged judgment, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b) (1)-(6). Prior to establishing that one of the above six sub-parts applies, a party moving for relief under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." See Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir.1984) (footnote omitted). Although "for any reason that justifies relief" has been described as a catch-all provision, a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances. See Reid v. Angelone, 369 F.3d 363, 370 (4th Cir .2004) (internal quotation marks omitted). "Relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." See Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986) (per curiam).

Here, after consideration, the Court agrees with the Respondent that the cases cited

by the Petitioner do not entitle him to relief. First, neither Martinez nor Trevino address the applicability of the statute of limitations; rather, these cases address the issue of procedural default. See Harrison v. Cartledge, 2014 WL 897049, *11 (D.S.C. March 6, 2014) ("Martinez is inapplicable here because it has no bearing on the statute of limitations analysis, but can merely excuse a procedural default in an otherwise viable federal habeas claim."); Gray v. Pearson, 526 F. App'x 331, 333 (4th Cir. 2013) (noting that the Supreme Court's decision in Trevino is an expansion of Martinez).

The Petitioner also cites McQuiggin v. Perkins, 133 S. Ct. at 1928, where the Supreme Court held that actual innocence constitutes an equitable exception that can overcome a procedural bar or expiration of the statute of limitations so that a court can adjudicate a federal habeas corpus petition on the merits. Following McQuiggin, however, courts have determined that the case does not constitute "extraordinary circumstances" under Rule 60(b)(6). See Tamayo v. Stephens, 740 F.3d 986, 990 (5th Cir. 2014) (denying Rule 60(b)(6) motion because McQuiggin does not constitute extraordinary circumstances necessary to support Rule 60(b) relief); Akiens v. Wynder, 2014 WL 1202746, *2 (E.D. Pa. March 24, 2014) ("Similarly to Gonzalez, to the extent that McQuiggin reflects a different interpretation of the federal habeas statute of limitations relative to the precedent at the time of the dismissal of Akiens' habeas petition nearly six years prior to McQuiggin, McQuiggin does not constitute extraordinary circumstances justifying Rule 60(b)(6) relief."); Rodgers v. Pfister, 2013 WL 5745835, *2 (C.D. Ill. Oct. 23, 2013) ("[T]he McQuiggin decision does not constitute extraordinary circumstances warranting relief from judgment").

Moreover, even if McQuiggin does constitute extraordinary circumstances to justify

3

reopening a final judgment, McQuiggin stresses the "demanding" nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" 133 S. Ct. at 1936 (quoting Schlup, 513 U.S. at 316). In other words, in McQuiggin, the Supreme Court did not abrogate or relax the requirement articulated in Schlup v. Delo that a petitioner show that, had the "new evidence" been available at trial, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Id. (citing Schlup, 513 U.S. 298, 327 (1995)). In this case, the Court finds the Petitioner has not presented new, reliable evidence to support a compelling actual innocence claim. Therefore, the Court finds no cause to disturb its dismissal of his petition as untimely.

Based on the foregoing, it is hereby

**ORDERED** that the Petitioner's Rule 60 motion to reopen his case and vacate (Entry 66) is **DENIED**. Also, because the Respondent filed its response on October 21, 2013, the Respondent's motion for an extension of time (Entry 67) is deemed moot.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April 23, 2014
Charleston, South Carolina

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

4